The jury found a verdict for the plaintiff subject to the opinion of the court whether the words are actionable.
This is an action for slanderous words, in which a verdict was rendered for the plaintiff, subject to the opinion of the court upon the point whether the words are actionable or not. The words are that "Plaintiff hadsworn to a lie in obtaining a warrant from M. Harvey, Esq., respecting adeer." And the warrant alluded to by the defendant is set forth in the case. Many decisions show that there is a difference between a charge ofperjury and that of being forsworn. The latter imputation is not, of itself, sufficient to support the action, because it does not necessarily imply that the oath was taken before a competent authority in a judicial proceeding; without which circumstances no perjury, technically speaking, can be committed. And nothing short of *Page 457 
"words containing an express imputation of some crime liable to punishment, some capital offense or other infamous crime or misdemeanor," will lay the foundation of an action for slander. Onslow v. Horne, 3 Wils., 186. But if the charge of being forsworn is made in reference to some judicial proceeding, as to say that one has sworn to a lie or forsworn himself in such a suit, then an action may be sustained. But that will depend, again, upon the circumstance of the suit in which the oath is alleged to have been taken; being or not being one in which the plaintiffmight, by swearing falsely, commit perjury. For, by reference to the suit, that is made part of the charge, and the whole is to be taken together. And if it appear that the plaintiff could not commit perjury, then there is no slander. It is like the common case stated in the books, where one says of another, that "he is a thief and stole my growing timber." Because no larceny could be committed of growing timber, the words are not actionable. If, in the case before us, the justice of the peace clearly had no jurisdiction of the case, and there was no offense charged against the defendants in the warrant, the plaintiff, then a witness, could not be guilty of perjury. By no force of construction can the (637) charges obtained in that warrant amount to any crime. I do not speak of the form of the precept but allow the utmost latitude as to the facts. Suppose one was to obtain, on oath, a warrant against another for that he rode peaceably along the public highway on his own business, and the oath should be false, that would not be perjury, because there is no crime charged, and nothing to try; and the oath of the witness, true or false, could operate nothing, because, admit the whole, still the defendant must be acquitted. So it is here. The oath was both immaterial and coramnon judice.
Wherefore, there must be a nonsuit.
TAYLOR, C. J., SEAWELL, J., DANIEL, J., and LOWRIE, J., concurred.
HALL, J., dissented.
NOTE. — See Brown v. Dula, 7 N.C. 574. *Page 458